[No. 13948. In Bank. — October 25, 1890.]

GEORGE E. WHITE, RESPONDENT, v. FRANKIE WHITE, APPELLANT.

DIVORCE — ALIMONY — COUNSEL FEES — FINDING OF REASONABLE ALLOWANCE — CONTINGENT FEE — REMUNERATION OF ADDITIONAL COUNSEL. — Where an allowance has been made for counsel fees in an action for divorce, and the court below, in its findings and judgment, determines what would be a reasonable further allowance for counsel fees, but declines to award any further allowance therefor, on account of the services of additional counsel, on the ground that an agreement for a contingent fee with one of the attorneys precludes any further allowance, the part of the judgment refusing any further allowance for counsel fees will be reversed, and the court will be directed to make such further allowance as may be necessary for the remuneration of the additional counsel.

APPEAL from part of a judgment of the Superior Court of the city and county of San Francisco refusing to allow alimony for counsel fees.

The facts are stated in the opinion of the court.

*Henry E. Highton, H. C. McPike,* and *J. A. Cooper,* for Appellant.

*E. D. Wheeler,* and *Barclay Henley,* for Respondent.

McFARLAND, J.—This is an appeal by defendant from that part of the judgment of the superior court which refuses to require plaintiff to pay defendant a reasonable sum of money for her attorneys' fees. The court finds that defendant made a certain contract with one of her attorneys (Henry E. Highton), and further finds upon the subject as follows: " By reason of the contract aforesaid between said Henry E. Highton and the defendant, the defendant is estopped and disentitled to any further allowance for counsel fees in this cause, and such allowance, for this reason, and for this reason alone, is refused. Irrespective of the said contract, the defendant would be entitled to a further allowance for counsel fees down to the date of this finding, as follows, to wit, twelve thousand five hundred dollars; and the defendant, for any further and additional services they may render, would be entitled to a further and additional allowance for counsel fees as might be determined by the court." And in the judgment the court decrees "that, by reason of the contract between Henry E. Highton, one of her attorneys, and the defendant . . . . the defendant cannot recover against the plaintiff for counsel fees in this cause; and for this reason alone no allowance is made to her for counsel fees, the reasonable value of which, beyond the payments already made, and apart from any services, if any, to be hereafter rendered, is twelve thousand five hundred dollars." In another appeal in this same action (*White* v. *White, ante,* p. 212), we held that the said contract between defendant and Highton did not preclude the court from making an allowance to defendant for the payment of the services of attorneys employed by her, other than said Highton, provided the services of such other attorneys were necessary, and

sufficient allowances to pay them had not already been made; but in that appeal there was nothing in the record to show the ground upon which the court refused to make the allowance asked by defendant, and therefore the order appealed from was affirmed. On the present appeal, however, it appears that the part of the judgment appealed from was based on the supposition that the contract with Highton precluded any allowance to other attorneys. On that subject we adopt the views expressed in the appeal (page 212). But while the court finds that twelve thousand five hundred dollars would be a proper further allowance for counsel fees to the date of the judgment, it does not find what part of that amount, if any, defendant should have to pay for the services of her attorneys, other than Highton; viz., Cooper and McPike. No further allowance should be made to defendant on account of said Highton; but whatever further amount, if any, she should have been allowed for Cooper and McPike, under the said views expressed in the appeal (page 212), should have been included in the judgment, That part of the judgment here appealed from relating to allowance for counsel fees is reversed, and the superior court is directed to award to defendant such further allowance as is necessary—if any such further allowance be necessary—to enable defendant to remunerate her attorneys Cooper and McPike for their services, in accordance with the views here and in said appeal (page 212) expressed.

BEATTY, C. J., PATERSON, J., FOX, J., THORNTON, J., and WORKS, J., concurred.